ERASTUS TEFT, appellant, *v.* JOHN SIZE, appellee.

*Appeal from Kane.*

To prove the due publication of a town ordinance, the records of the corporation were produced, and the clerk was called, and the defendant offered to prove by him that he had posted up copies of said ordinance. The plaintiff objected to the testimony, and the Court excluded it on the ground that the defendant must either produce the notices, or one of them, which were originally posted, or account for their absence: *Held,* that the testimony was improperly excluded, its object being to establish the fact of publication, and not to prove the contents of the ordinance.

TRESPASS, in the Kane Circuit Court, brought by the appellee against the appellant, and heard before the Hon. Theophilus L. Dickey and a jury, at the January special term, 1849, when a verdict and judgment were rendered for the plaintiff below for $90.

The facts of the case, so far as the same are material to the determination of the question raised by the assignment of errors, are sufficiently stated by the Court in their Opinion.

*J. O. Glover & B. C. Cook,* for the appellant.

The only question raised by the assignment of errors is, whether publication of the ordinance was to be proved by the production of the posted notices, or by parol.

The statute requires that the ordinances of a corporation, before they shall take effect, shall be published ten days, &c. Rev. Stat. 113, § 7.

The previous steps necessary to make corporation ordinances operative will be presumed to have been taken. Phil. Ev., Cowen & Hill's Notes, Part I. 288; ib. Part II. 1157; 6 Peters' Cond. R. 444; *Denning* v. *Roome,* 6 Wend. 651.

The original record was the best and only legal evidence of the ordinances and by-laws as posted up. *Rex* v. *Fursey,* 25 Eng. Com. Law R. 293; *Regina* v. *Murphy,* 34 do. 397;

Teft *v.* Size.

*Brown* v. *Woodman,* 25 do. 358; *Rex* v. *Watson,* 3 do. 349.

The clerk was the proper person to make the copies, and therefore the most proper to prove the fact of publication.

A party is only bound to produce the best evidence in his power. The posted copies could not be produced, for the law prohibits persons from taking them down. Rev. Stat. 175, § 137.

The copies were posted up for the benefit of the public. Every man has a right to their evidence, and in several places they cannot be at the same time. 9 Bac. Abr. 554; 1 Starkie, 184.

*I. G. Wilson,* for the appellee.

I. The ordinances of a town incorporated under the general law in relation to incorporations are inoperative and afford no protection to a person claiming to act under them until notices of such ordinances have been posted up as required by the Statute. Rev. Stat. 113, § 7.

II. The posting of such notices must then be proved affirmatively, or presumed.

1. The law will not presume that the notices have been posted. The general presumption in favor of public officers having done their duty, does not obtain here. The posting of the notices was a merely voluntary act, which may or may not be done at the will of the trustees, and the omission to do which subjects them to no penalty.

Every statute in derogation of the Common Law to create forfeitures or to divest the title of one and transfer it to another must be construed most strictly. Nothing will be presumed in favor of the regularity of the proceedings. Step by step must everything be shown to have been done which the statute makes essential to the due execution of the power. 2 Kent's Com. 298, and note, (*b,*); *Sharpe* v. *Speir,* 4 Hill's (*N. Y.*) R. 76; *Same* v. *Johnson,* ib. 92; *Finch* v. *Pinckard,* 4 Scam. 70; *Beaty* v. *Knowler,* 4 Peters, 152; *Van Horn's Lessees* v. *Dorrance,* 2 Dall. 316; *Mariner* v. *Saunders, ante* 113.

2. It was therefore necessary to prove the due posting of the notices.

III.   The evidence by which this was sought to be done was incompetent.   The general rule which requires "the best evidence the case will admit of" made it necessary to produce the notice itself as that contained the best possible evidence of its contents.   1 Greenl. Ev. 105, §§ 82, 84.

To this general rule there are some exceptions founded on public convenience or on the nature of the facts to be proved.   Does the party show himself within any of these exceptions ?   Clearly not.   1 Greenl. Ev. §§ 91-4, and note. Their own evidence, on the contrary, goes to show that the original notice might have been produced by the slightest diligence.

IV.   But even had they proven the posting of the notices, it could avail nothing without proving that it was done by order of the board of trustees.

V.   The ordinance is void.

1. The statute provides that no more than five dollars shall be imposed for the breach of an ordinance.   This ordinance creates an absolute forfeiture of property, although the value exceeds five dollars.   Rev. Stat. 113, § 7.

2. The ordinance is also void as being inconsistent with the Constitution and Laws.   Rev. Stat. 112, § 5;   State Con. Art. 8;   1 Term R. 71 ;   9 Wend. 571.

3. It is void for unreasonableness.   5 Cowen, 462.

As to different degrees of secondary evidence.   1 Greenl. Ev. in note on page 109 ; *Mariner* v. *Saunders, ante* 113, 121, 122.

The Opinion of the Court was delivered by

TRUMBULL, J.   Teft was sued in trespass for taking certain hogs, and pleaded by way of justification that he did the acts complained of under the authority of various ordinances of the town of Elgin, declaring the running at large of swine within the corporation to be a nuisance and providing for its abatement.

The regular incorporation of the town, the election of

trustees and the passage of the ordinances under which the defendant justified, were all admitted by the plaintiff in the Court below, and for the purpose of proving that the ordinances had been published in accordance with Sec. 7, Ch. 25, Rev. Stat., which provides that all ordinances, before taking effect, shall be published for at least ten days in a newspaper in the town, or by setting up copies of the same, in three of the most public places of the town, the defendant offered to prove by the clerk of the board of trustees that he had posted up copies of said ordinances.

The plaintiff objected to this evidence "on the ground that the defendant must either produce the notices, or one of them, which was originally posted or account for its absence." The Court sustained the objection, and for want of such proof, excluded all the evidence offered by defendant to sustain his pleas of justification. The jury returned a verdict of ninety dollars for plaintiff and he had judgment accordingly.

The error complained of is, that the Court erred in excluding the evidence offered by the defendant to show that the ordinances under which he justified had been duly published.

It is insisted by the appellee that to have allowed the witness to testify to posting up copies of the ordinances would have violated the rule of evidence which forbids parol proof of the contents of a written instrument, and also have substituted secondary evidence when primary and better evidence could be obtained.

We cannot appreciate the force of these objections, but on the contrary regard the evidence offered as appropriate and proper. The records of the corporation containing the original ordinances were produced, and an offer made to prove by the clerk of the corporation that he posted up copies of those ordinances. The *contents* of the ordinances was not the main fact sought to be established by the clerk; they had already been proved by the production of the records of the corporation, but the main fact sought to be proved by the clerk was the *publication* of the ordinances,

and who so proper to make that proof as the person who made the publication.

It is true the statement that the witness posted up copies of certain ordinances, involves incidentally a declaration of the contents of what was posted up, and yet it is not giving the contents of either what was posted up or the ordinances, and the jury would have no means of ascertaining from such a statement the contents of either paper. It is simply a statement that two writings are alike, and to ascertain what either contains, one or the other must be produced when the contents of both are ascertained, not from what the witness has said, but from inspection of the instrument produced, in connection with the fact, which may be proved by parol, that the other is like it.

In this case, the original ordinances were produced, and a witness offered to prove that he posted up copies of them. Why require the production of those copies? If produced, they would not prove themselves to be copies, unless by inspection and comparison with the original, and it will hardly be insisted, we apprehend, that when papers are submitted to a jury as copies of other papers, no matter how voluminous, that the original and copy must both be produced, so that the jury may in their retirement examine and determine whether one is a copy of the other.

Had the notices posted up been produced, it would still have been competent to prove by a witness, that they contained copies of the original ordinances. It would make no difference when the witness instituted the comparison so as to ascertain the fact, whether at the time of testifying or previously.

The facility for detecting a false statement would be greater when the original and copy were both present at the time the witness should state them to be alike, but the likelihood to mistake on the part of the witness, the certainty of the evidence and its degree are the same whether he swears with a copy before him that it is a copy, or whether having the original in his possession he states that he made a copy of it.

It has been objected that the ordinances under which the defendant attempted to justify are void, inasmuch as they provide for impounding swine found running at large, and for their forfeiture and subsequent sale, if not claimed by the owner within a specified time, instead of inflicting a fine of not exceeding five dollars by way of penalty, for suffering them to run at large in violation of the ordinances.

The record does not present the ordinances against which this objection is urged, in such a form as to raise the question of their validity, but the power of towns incorporated under our statute to enforce their ordinances against nuisances, by reasonable forfeitures where the end cannot be otherwise attained, would seem to be unquestionable.

The judgment of the Circuit Court is reversed and the cause remanded, with directions to the Circuit Court to award a new trial.

*Judgment reversed.*